UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS JOHN HEYDEN,<br><br>                          Plaintiff,<br>   v.<br>MINERAL COUNTY DETENTION FACILITY, et al.,<br><br>                        Defendants. | Case No. 3:24-cv-00450-ART-CLB<br><br>ORDER |

Plaintiff Thomas Heyden brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that they allegedly suffered while housed at Mineral County Detention Facility. (ECF No. 9). On March 5, 2025, this Court ordered Heyden to file an amended complaint by April 4, 2025. (ECF No. 8). The Court warned Heyden that the action could be dismissed if they failed to file an amended complaint by that deadline. (*Id.* at 8). That deadline expired and Heyden did not file an amended complaint, move for an extension, or otherwise respond.

## I. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

1  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
2  favoring disposition of cases on their merits; and (5) the availability of less drastic
3  alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
4  1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

5        The first two factors, the public's interest in expeditiously resolving this
6  litigation and the Court's interest in managing its docket, weigh in favor of
7  dismissal of Heyden's claims. The third factor, risk of prejudice to defendants,
8  also weighs in favor of dismissal because a presumption of injury arises from the
9  occurrence of unreasonable delay in filing a pleading ordered by the court or
10 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
11 1976). The fourth factor—the public policy favoring disposition of cases on their
12 merits—is greatly outweighed by the factors favoring dismissal.

13       The fifth factor requires the Court to consider whether less drastic
14 alternatives can be used to correct the party's failure that brought about the
15 Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
16 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
17 the party has disobeyed a court order does not satisfy this factor); *accord*
18 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not
19 exhaust every sanction short of dismissal before finally dismissing a case, but
20 must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779
21 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed
22 until and unless Heyden files an amended complaint, and litigation cannot
23 progress without Heyden's compliance with the Court's orders, the only
24 alternative is to enter a second order setting another deadline. But the reality of
25 repeating an ignored order is that it often only delays the inevitable and
26 squanders the Court's finite resources. The circumstances here do not indicate
27 that this case will be an exception. Setting another deadline is not a meaningful
28 alternative given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Thomas Heyden's failure to file an amended complaint in compliance with this Court's March 5, 2025, order and for failure to state a claim. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Thomas Heyden wishes to pursue their claims, they must file a complaint in a new case and either pay the filing fee or apply for pauper status.

DATED: July 1, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE